# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| BLUEWATER KEY RV OWNERSHIP PARK PROPERTY OWNERS ASSOCIATION, INC., a Florida Corporation,<br><br>            Plaintiff,<br><br>v.<br><br>RITA CLARK, an individual, d/b/a BLUEWATER RENTALS<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO.:** |

## COMPLAINT

Plaintiff, Bluewater Key RV Ownership Park Property Owners Association, Inc. ("Plaintiff") for its Complaint against Defendant, Rita Clark, an individual, d/b/a BLUEWATER RENTALS ("Defendant") states as follows:

## INTRODUCTION

1.       This is action for trademark infringement, false designation of origin, false advertisement, and unfair competition in violation of Sections 32 and 43 of the Federal Trademark Act (15 U.S.C. § 1114 and 1125 of the "Lanham Act"), and Florida statute, F.S.A. § 495.001 *et seq.* ("Registration and Protection of Trademarks Act"), and Florida common law; and unfair competition and unfair deceptive trade practices in violation of Florida statute, F.S.A. § 501.201 *et seq.* ("Florida Deceptive and Unfair Trade Practices Act").

2.     Plaintiff initiates this action to obtain relief against Defendant under federal and state law, including permanent injunctive relief and monetary damages.

## THE PARTIES

3.     Plaintiff, Bluewater Key RV Ownership Park Property Owners Association, Inc. is a Florida Corporation having its principal place of business at 2950 US Highway 1, Key West, Florida 33040.

4.     Upon information and belief, Defendant, Rita Clark, individually, d/b/a Bluewater Rentals is a sole proprietorship, having a business address for correspondences at 21092 First Avenue East, Cudjoe Gardens, Florida 33042.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 1338(b) and 15 U.S.C. §§ 101 *et seq.*  Moreover, this Court has supplemental subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1367(a).

6.     This Court has personal jurisdiction over Defendant, Rita Clark, individually and doing business as Bluewater Rentals because Defendant is a resident of Florida, Defendant is a domicile of Florida, Defendant is present and doing business in Florida, and/or Defendant has committed a tort in Florida.

7.     Venue properly lies in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events giving rise to the claims occurred in this district of Florida.

## BACKGROUND

8.    Plaintiff alleges that Plaintiff's corporate name is Bluewater Key RV Ownership Park Property Owners Association, Inc.

9.    Plaintiff alleges that Plaintiff is a Florida corporation, located on Saddlebunch Key in Monroe County, Florida.

10.    Plaintiff alleges that Plaintiff was incorporated on July 31, 1989.  A copy of the Articles of Incorporation is attached as **Exhibit 1**.

11.    Plaintiff alleges that Lloyd A. Good, Jr. was the first president and director of Plaintiff.

12.    Plaintiff alleges that Lloyd A. Good, Jr. developed Bluewater Key RV Park, located on Saddlebunch Key.

13.    Plaintiff alleges that Bluewater Key RV Park is a luxury resort for recreational vehicles.

14.    Plaintiff alleges that Bluewater Key RV Park has different types of recreational vehicle (RV) park lots, including off-water sites, canal sites, and waterfront sites.  A printout (attached as **Exhibit 2**) shows the different types of recreational vehicle lots, offered by Plaintiff.

15.    Plaintiff alleges that Lloyd A. Good, Jr. managed Bluewater Key RV Park and Plaintiff, Bluewater Key RV Ownership Park Property Owners Association, Inc.

16.    Plaintiff alleges that on or about August 10, 1989, a Declaration of Restrictions and Protective Covenants for Bluewater Key RV Ownership Park was filed with Monroe County, Florida.  A copy of the Declaration of Restrictions and Protective Covenants for Bluewater Key RV Ownership Park is attached as **Exhibit 3**.

17.    Plaintiff alleges that on or about August 11, 1989, Plaintiff adopted by-laws.  A copy of the By-Laws of Bluewater Key RV Ownership Park Property Owners Association, Inc. is attached as **Exhibit 4**.

3

18.     Plaintiff alleges that Plaintiff is authorized to operate a recreational vehicle lot rental program by the Plaintiff's governing documents, including the Articles of Incorporation, the Declaration of Restrictions and Protective Covenants for Bluewater Key RV Ownership Park, and the By-Laws of Bluewater Key RV Ownership Park Property Owners Association, Inc.  A copy of a decision of the District Court of Appeals of Florida is attached as **Exhibit 5**.

19.     Plaintiff alleges that individuals, who purchase recreational vehicle lots, are recreational vehicle lot owners or simply lot owners.

20.     Plaintiff alleges that when individuals purchase recreational vehicle lots in Bluewater Key RV Park, the individuals become members of Bluewater Key RV Ownership Park Property Owners Association, Inc.

21.     Plaintiff alleges that the first recreational vehicle lot was sold to Ron and Patty Lacroix in December 1989.  A copy of the deed of Ron and Patty Lacroix is attached as **Exhibit 6**.

22.     Plaintiff alleges that recreational vehicle lots have been sold and continue to be sold in Bluewater Key RV Park.

23.     Plaintiff alleges that Plaintiff does not have a sales program.

24.     Plaintiff alleges that Plaintiff only advertises "lots for sale" on Plaintiff's website and on a printout in Plaintiff's office if requested.

25.     Plaintiff alleges that Plaintiff does not allow permanent residency in Bluewater Key RV Park.

26.     Plaintiff alleges that recreational vehicle lot owners, who purchase recreational vehicle lots, do not stay at Bluewater Key RV Park during the entire year.

27.     Plaintiff alleges that recreational vehicle lot owners rent their lots for part of the year when recreational vehicle lot owners are absent from Bluewater Key RV Park.

4

28.      Plaintiff alleges that Lloyd A. Good, Jr. communicated with recreational vehicle lot owners regarding actual association expenses and income received from recreational vehicle lots. A copy of a letter of January 31, 1990 from Lloyd A. Good, Jr. is attached as **Exhibit 7**.  A copy of a letter of April 8, 1994 from Lloyd A. Good, Jr. is attached as **Exhibit 11**.  A copy of a letter of June 20, 1994 from Lloyd A. Good, Jr. is attached as **Exhibit 12**.  A copy of a letter of February 8, 1995 from Lloyd A. Good, Jr. is attached as **Exhibit 13**.

29.      Plaintiff alleges that Lloyd A. Good, Jr. had a daughter, Catherine Good Duncan.

30.      Plaintiff alleges that Catherine Good Duncan's corporation acted as a rental agent for recreational vehicle lots.

31.      Plaintiff alleges that, at least as early as January 1990, Plaintiff began using a shortened name, Bluewater Key since the corporate name, Bluewater Key RV Ownership Park Property Owners Association, Inc., was very long.

32.      Plaintiff alleges that Plaintiff has continued to use the shortened name, Bluewater Key from January 1990 until the present.

33.      Plaintiff alleges that the mark, Bluewater Key was used in Florida at least as early as 1989.

34.      Plaintiff alleges that the mark, Bluewater Key was used in advertisement at least as early as 1989.

35.      Plaintiff alleges that, at least as early 1989, Lloyd A. Good, Jr., the developer of Bluewater Key RV Park advertised Plaintiff's services to the general public.

36.      Plaintiff alleges that the advertisement in 1989 was for a "new purpose-built island RV park with twenty-four hour security, on-sight management, a clubhouse and pool, *waterfront*

sites, all with complete hook-ups, including cable tv." A copy of the advertisement in 1989 is attached as **Exhibit 8**.

37.   Plaintiff alleges that the advertisement in 1989 concerned "a limited offering restricted to only 80 choice sites with pricing starting at $52,500."

38.   Plaintiff alleges that the mark, Bluewater Key has been used in advertisements for rental and/or advertisements for sale of recreational vehicle lots.

39.   Plaintiff alleges, at least as early as 1989, a large lighted sign was erected at the entrance of the Bluewater Key RV Park near U.S. Highway 1.

40.   Plaintiff alleges that the large lighted sign included a logo with the words, Bluewater Key R.V. Resort and a bird design. A copy of large lighted sign is attached as **Exhibit 19**.

41.    Plaintiff alleges that a logo, Bluewater Key An RV Ownership Park, featuring a bird and water waves and a mark, Bluewater Key R.V. Ownership Park have been used with respect to the rental of recreational vehicle lots. A copy of a rental advertisement of 1995 is attached hereto as **Exhibit 10**.

42.   Plaintiff alleges that the rental advertisement of 1995 provides the rental rates for recreational vehicle lots in Bluewater Key RV Park.

43.   Plaintiff alleges that the rental advertisement of 1995 includes information about recreational vehicle lots available for sale in Bluewater Key RV Park and the price of such available recreational vehicle lots.

44.   Plaintiff alleges that Lloyd A. Good, Jr. resigned in 1999. A copy of a letter of November 13, 1998 from Lloyd A Good, Jr. is attached as **Exhibit 14**.

45.   Plaintiff alleges that after Lloyd A. Good, Jr. resigned in 1999, a new board followed Lloyd A. Good, Jr.

46.     *Plaintiff* alleges that after Lloyd A. Good, Jr. resigned in 1999, a new rental agent was chosen.

47.     Plaintiff alleges that a Board of Directors for Plaintiff oversees the operation of Bluewater Key RV Park.

48.     Plaintiff alleges that Plaintiff has advertised in Plaintiff's newsletter, entitled BLUES NEWS.  Copies of Plaintiff's newsletter, BLUES NEWS are attached as **Exhibits 17** and **18**.

49.     Plaintiff alleges that Plaintiff has advertised in THE PELICAN POST.

50.     Plaintiff alleges that Plaintiff currently advertises Plaintiff's services for rental of recreational vehicle lots.

51.     Plaintiff alleges that Plaintiff currently advertises Plaintiff's rental services in print advertisements, including rental flyers.

52.     Plaintiff alleges that the rental flyers include information about recreational vehicle lots that are available for sale in Bluewater Key RV Park.

53.     Plaintiff alleges that recreational vehicle lots in Bluewater Key RV Park are sold directly by recreational vehicle lot owners or reality companies.

54.     Plaintiff alleges that Plaintiff currently advertises on the premises of Bluewater Key RV Park.

55.     Plaintiff alleges that Plaintiff currently advertises on the premises of Bluewater Key RV Park through brochures, bumper stickers, a highway sign, golf cart signs, a flag, office signs, outdoor check-in signs, outdoor exterior wall signs, car parking signs, and rental car parking signs.  Copies of current advertisements on the premises of Bluewater Key RV Park are attached as **Exhibits 19-32**.  Copies of Plaintiff's premises are attached as **Exhibits 34-50**.

56.    *Plaintiff* alleges that Plaintiff currently advertises in site map and guide advertisements. A copy of a site map and guide advertisement is attached as **Exhibit 33**.

57.    Plaintiff alleges that Plaintiff has common law rights in a number of marks, including  a word mark, Bluewater Key (shown in **Exhibits 7, 8, 17, 18**, and **30** as attached hereto); a word mark, Bluewater Key RV Ownership Park (shown in **Exhibit 51** as attached hereto); a word mark, Bluewater Key RV Ownership Park (shown in **Exhibits 7, 8, 11, 12, 13**, and **14** as attached hereto); a word mark, Bluewater Key R-V Ownership Park (shown in **Exhibit 51** as attached hereto); a word mark, Bluewater Key RV Resort (shown in **Exhibits 17** and **18** as attached hereto); a logo, Bluewater Key An RV Ownership Park with a design featuring water waves (shown in **Exhibit 15** as attached hereto); a logo, Bluewater Key An RV Ownership Park with a design featuring water waves and a bird (shown in **Exhibit 10** as attached hereto); a logo, Bluewater Key R.V. Resort with a design featuring a bird (shown in **Exhibits 19**, **28**, and **30** as attached hereto); a logo, Bluewater Key RV Resort with a design featuring a bird (shown in **Exhibits 20** and **21** as attached hereto); a logo, Bluewater Key A Luxury RV Resort, with a design featuring a bird, water waves, and a palm tree (shown in **Exhibits 22, 23, 26, 27, 30, 32,** and **33** as attached hereto); a logo, Bluewater Key A Luxury RV Resort, with a design featuring a bird and a palm tree (shown in **Exhibit 2** as attached hereto) (collectively referred to as Plaintiff's Common Law Marks).

58.    Plaintiff alleges that Plaintiff uses Plaintiff's Common Law Marks with respect to the rental  of recreational vehicle lot services in Florida.

59.    Plaintiff alleges that Plaintiff also owns a Florida State Registration No. T13000000295 for the trademark, BLUEWATER KEY A LUXURY RV RESORT (referred to herein as

Plaintiff's State Registered Mark).  A copy of Plaintiff's State Registered Mark, BLUEWATER KEY A LUXURY RV RESORT, is attached hereto as **Exhibit 52**.

60.    Plaintiff alleges that Plaintiff's State Registered Mark, BLUEWATER KEY A LUXURY RV RESORT, was registered on March 19, 2013.

61.    Plaintiff alleges that the services, listed in Plaintiff's State Registered Mark, BLUEWATER KEY A LUXURY RV RESORT, are RV Park Services, rental properties.

62.    Plaintiff alleges that at least as early as January 1, 2000, Plaintiff has used Plaintiff's State Registered Mark, BLUEWATER KEY A LUXURY RV RESORT, with respect to RV Park Services, rental properties.

63.    Plaintiff alleges that Plaintiff's email address is bluekeyrv@aol.com.

64.    Plaintiff alleges that Plaintiff registered a domain name, bluewaterkey.com on or about December 1, 1998.  A printout of the domain registry is attached as **Exhibit 53**.

65.    Plaintiff alleges that Plaintiff owns the website, www.bluewaterkey.com.

66.    Plaintiff alleges that Plaintiff advertises rental services on the internet at Plaintiff's website, www.bluewaterkey.com.  A printout of Plaintiff's website is attached as **Exhibit 58**.

67.    Plaintiff alleges that on Plaintiff's website, Plaintiff provides information about the availability of recreational vehicle lots for sale in Bluewater Key RV Park.

68.    Plaintiff alleges that Plaintiff advertises the domain name,BluewaterKey.com on an exterior wall that can be seen as customers enter Bluewater Key RV Park.  Copies of the advertisement are shown in **Exhibits 24** and **25** as attached hereto.

69.    Plaintiff alleges that Plaintiff's word mark, Bluewater Key, is used on Plaintiff's website, www.bluewaterkey.com to advertise Plaintiff's recreational vehicle rental services.

70.     Plaintiff alleges that in addition to common law rights in the word mark, Bluewater Key, Plaintiff owns a federal registration (U.S. Trademark Registration No. 4,680,453) for a word mark, Bluewater Key on and in connection with "RV resort rental services, namely, recreational vehicle (RV) park services." U.S. Trademark Registration No. 4,680,453 is referred to herein as Plaintiff's Federally Registered Mark). A copy of Plaintiff's Federally Registered Mark is attached hereto as **Exhibit 54**.

71.     Plaintiff alleges that Plaintiff's Federally Registered Mark, Bluewater Key, was registered as U.S. Trademark Registration No. 4,680,453 on February 3, 2015 after the Commissioner for Trademarks cancelled U.S. Trademark Registration No. 4,274,836 pursuant to Section 18. A copy of the Commissioner's order is attached hereto as **Exhibit 55**.

72.     Plaintiff alleges that the Certificate of Registration for Plaintiff's Federally Registered Mark, Bluewater Key, constitutes prima facie evidence of the validity and ownership of Plaintiff's Federally Registered Mark, Bluewater Key, in accordance with 15 U.S.C. § 1057(b).

73.     Plaintiff alleges that the Certificate of Registration for Plaintiff's Federally Registered Mark, Bluewater Key, constitutes prima facie evidence of the registration of Plaintiff's Federally Registered Mark, Bluewater Key, in accordance with 15 U.S.C. § 1057(b).

74.     Plaintiff alleges that the Certificate of Registration for Plaintiff's Federally Registered Mark, Bluewater Key, constitutes prima facie evidence of Plaintiff's exclusive right to use Plaintiff's Federally Registered Mark, Bluewater Key, in commerce on or in connection with "RV resort rental services, namely, recreational vehicle (RV) park services."

75.     Plaintiff alleges that Plaintiff uses Plaintiff's Federally Registered Mark, Bluewater Key of U.S. Trademark Registration No. 4,680,453 with services such as RV resort rental services, namely, recreational vehicle (RV) park services.

76. Plaintiff alleges that Plaintiff uses Plaintiff's Federally Registered Mark in interstate commerce to identify the source of Plaintiff's RV resort rental services, namely, recreational vehicle (RV) park services.

77. Plaintiff alleges that Plaintiff has expended financial resources and efforts to promote Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark, and Plaintiff's Common Law Marks.

78. Plaintiff alleges that the consuming public has come to know, rely, and recognize Plaintiff as the source of services, advertised, and/or marketed under Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark, and Plaintiff's Common Law Marks.

79. Plaintiff alleges that Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark, and Plaintiff's Common Law Marks are inherently distinctive and/or Plaintiff's Marks have acquired distinctiveness.

80. Plaintiff alleges that Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark, and Plaintiff's Common Law Marks are valid.


**FIRST CAUSE OF ACTION**

**Federal Trademark Infringement under the Lanham Act**
**(15 U.S.C. § 1114)**

81. Plaintiff repeats and re-alleges the statements and allegations set forth in paragraphs 1-80 and incorporate them herein.

82. Plaintiff alleges that Rita Clark and Roland Clark, M.D., husband and wife, purchased recreational vehicle lots, located in Bluewater Key RV Park.

83. Plaintiff alleges that, upon information and belief, on or about 1998, Roland Clark and Rita Clark purchased lot 16.

84.     Plaintiff alleges that, upon information and belief, on or about 1999, Roland Clark and Rita Clark purchased lots 2 and 3.

85.     Plaintiff alleges that when Rita Clark and Roland Clark, M.D. purchased lots in Bluewater Key RV Park, Rita Clark and Roland Clark, M.D. became members of Bluewater Key RV Ownership Park Property Owners Association, Inc. in accordance with the Declaration of Restrictions and Protective Covenants.

86.     Plaintiff alleges that Plaintiff provides new association members with a packet, including Plaintiff's Articles of Incorporation for Bluewater Key RV Ownership Park Property Owners Association Inc., the Declaration of Restrictions and Protective Covenants for Bluewater Key RV Ownership Park Inc., and the By-Laws of Bluewater Key RV Ownership Park Property Owners Association Inc.  A copy of the cover page of the packet is attached as **Exhibit 9**.

87.     Plaintiff alleges that Rita Clark attended meetings of Plaintiff's association and participated in meetings of Plaintiff's association.

88.     Plaintiff alleges that on or about January 21, 1999, Roland Clark and Rita Clark attended and participated in Plaintiff's annual meeting for Owners of Bluewater Recreation Vehicle Park Association.  Plaintiff has attached a copy of the meeting notes for the annual meeting of January 21, 1999 as **Exhibit 16**.

89.     Plaintiff alleges that Rita Clark's continuous membership in Plaintiff's association since the purchasing of Rita Clark's first lot in Bluewater Key in 1998 and attendance at most of the meetings of the association from 1998 to the present, imputes knowledge to Defendant of Plaintiff and Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark, and/or Plaintiff's Common Law Marks.

90.     Plaintiff alleges that the notes of the annual meeting indicate Roland Clark and Rita Clark owned lots 1, 2, 3, 15, and 16.

91.     Plaintiff alleges that after Roland Clark and Rita Clark purchased recreational vehicle (RV) lots, Roland Clark and Rita Clark rented their RV lots through Plaintiff's Bluewater Key Rental Program.

92.     Plaintiff alleges that on or about January 23, 1999, Roland Clark, a co-owner of Rita Clark's lots, offered comments to Jim Mazurek, Plaintiff's President.  A copy of Roland Clark's comments of January 23, 1999 to Jim Mazurek is attached as **Exhibit 56**.

93.     Plaintiff alleges that at the time Roland Clark offered comments to Jim Mazurek on or about January 23, 1999, Roland Clark and Rita Clark were under Plaintiff's Bluewater Key Rental Program.

94.     Plaintiff alleges that on or about September 9, 1999, Plaintiff distributed a President's Newsletter of September 9, 1999 (attached as **Exhibit 15**).

95.     Plaintiff alleges that the President's Newsletter of September 9, 1999 indicated that Plaintiff replaced Plaintiff's prior rental agent with a new rental agent Bea Underwood.

96.     Plaintiff alleges that at the time the President's Newsletter of September 9, 1999 was distributed, Rita Clark's RV lots were still under Plaintiff's Bluewater Key Rental Program.

97.     Plaintiff alleges that subsequently, Rita Clark began Rita Clark's own rental program in competition with Plaintiff's Bluewater Key Rental Program.

98.     Plaintiff alleges that Rita Clark rented Rita Clark's own lots and then Rita Clark began handling rentals of other owners' lots.

99.     Plaintiff alleges that in bad faith Defendant began using several marks, including the word mark, Bluewater Rentals; the word mark, Bluewater Key; the word mark, *Bluewater Key*

Rental, Inc.; the word mark, Bluewater Key-Clark's RV Lot Rentals B; the word mark, Bluewater Key--Clark's RV Lot Rentals by Owner; the word mark, Bluewater Key RV Lot Rentals; the word mark, Bluewater Key-Clark's RV Lot Rentals by Owners; the word mark, Bluewater Key-Rita's RV Lot Rentals; and the logo, Bluewater Rentals, featuring a palm tree forming the letter "l" in Bluewater Rentals, a sun, and water waves (attached as **Exhibit 59**). These marks are collectively referred to herein as Defendant's Marks.

100.    Plaintiff alleges that Defendant began using Defendant's Marks for rental of recreational vehicle lots and rental of vacation home.

101.    Plaintiff alleges that Plaintiff currently represents about 45 owners for the rental of RV lots in Bluewater Key RV Park.

102.    Plaintiff alleges that Defendant offers and provides recreational vehicle services to customers in the same physical recreational vehicle park, Bluewater Key RV Park.

103.    Plaintiff alleges that potential customers rent recreational vehicle lots for short periods of time.

104.    Plaintiff alleges that less care is exercised in renting a recreational vehicle lot for a one night rental, weekend rental, or other short rental period.

105.    Plaintiff alleges the potential customers come from throughout the United States as well as foreign countries.

106.    Plaintiff alleges that potential customers, who seek to rent recreational vehicle lots in Bluewater Key RV Park are likely to be confused, mislead, and/or deceived as to the source of Defendant's services.

107.    Plaintiff alleges that Defendant passes out business cards in the same physical recreational vehicle park, Bluewater Key RV Park, where Plaintiff advertises Plaintiff's services.

108.    Plaintiff alleges that Defendant is directly competing with Plaintiff by providing identical and/or related services.

109.    Plaintiff alleges that Plaintiff and Defendant target common classes of customers for RV resort rental services.

110.    Plaintiff alleges that Plaintiff and Defendant are both located in the Florida Keys area.

111.    Plaintiff alleges that Plaintiff and Defendant advertise through common trade channels or overlapping trade channels.

112.    Plaintiff alleges that Defendant owns domain names, bluewaterkeys.com, bluewaterkey.net, bluewaterkeys.net, and/or bluewaterkey.org (collectively referred to as "Defendant's Domain Names").

113.    Plaintiff alleges that on or about September 7, 2009, Defendant registered the domain name, bluewaterkeys.com.  A printout of the domain registry for bluewaterkeys.com is attached as **Exhibit 60**.

114.    Plaintiff alleges that on or about September 7, 2009, Defendant registered the domain name, bluewaterkeys.net.  A printout of the domain registry for bluewaterkeys.net is attached as **Exhibit 61**.

115.    Plaintiff alleges that Defendant advertises Defendant's services on Defendant's Websites. A printout of Defendant's website, www.bluewaterkey.net is attached as **Exhibit 62**.

116.    Plaintiff alleges that after Defendant received Plaintiff's Articles of Incorporation for Bluewater Key RV Ownership Park Property Owners Association Inc., the Declaration of Restrictions and Protective Covenants for Bluewater Key RV Ownership Park Inc., and the By-Laws of Bluewater Key RV Ownership Park Property Owners Association Inc. and Defendant participated in Plaintiff's association meetings, Defendant subsequently obtained the domain

name bluewaterkeys.com and the domain name bluewaterkey.net and federally registered the trademark, Bluewater Rentals as U.S. Trademark Registration 4,274,836.

117.   Plaintiff alleges that Defendant's services, listed in U.S. Trademark Registration 4,274,836 were as follows: "arranging of leases and rental agreements for real estate" in International Class 36.

118.   Plaintiff alleges that U.S. Trademark Registration 4,274,836 for the mark, Bluewater Rentals, was later cancelled by the Commissioner for Trademarks pursuant to Section 18 of the Trademark Act.

119.   Plaintiff alleges that Defendant's services of "arranging of leases and rental agreements for real estate" is identical or related to Plaintiff's services of "RV resort rental services, namely, recreational vehicle (RV) park services" in International Class 43.

120.   Plaintiff alleges that Defendant's services of the "arranging of leases and rental agreements for real estate" is identical or related to Plaintiff's services of rental and/or sale of recreational vehicle lots.

121.   Plaintiff alleges that Plaintiff has prior and superior rights over Defendant by over nearly ten years.

122.   Plaintiff alleges that when a potential customer enters www.bluewaterkeys.com instead of Plaintiff's website www.bluewaterkey.com, the potential consumer is redirected to Defendant's website www.bluewaterkey.net.

123.   Plaintiff alleges that when a potential customer enters the search terms, "bluewater key" into a search engine, Plaintiff's website www.bluewaterkey.com and Defendant's website www.bluewaterkey.net. are shown simultaneously with ".net" being displayed first in most cases, despite Plaintiff's efforts to correct this misleading and confusing situation as to which site

is the "official" Bluewater Key RV Resort website.  Plaintiff has attached a printout of a search of the words, "bluewater key" as **Exhibit 64**.

124.    Plaintiff alleges that although Defendant previously participated in Plaintiff's association meetings, Defendant has the name, Bluewater Key RV Resort in large letters displayed on the website bluewaterkey.net.

125.    Plaintiff alleges that Defendant's use of Defendant's Marks on and in connection with arranging of leases and rental agreements for real estate, and/or rental of recreational vehicle lots, is likely to cause confusion, cause mistake, or deceive.

126.    Plaintiff alleges that Defendant's use of Defendant's Marks is likely to cause potential customers to believe that the services of Defendant and Plaintiff originate from the same source or a related source.

127.    Plaintiff alleges that Defendant's use of Defendant's Marks is likely to cause potential customers to believe that Defendant and Applicant are affiliated when they are not.

128.    Plaintiff alleges that Defendant's Marks and Plaintiff's Federally Registered Mark, Bluewater Key are similar.

129.    Plaintiff alleges that Defendant uses Plaintiff's mark, Bluewater Key on Defendant's website without any indication that the mark, Bluewater Key is owned by Plaintiff.

130.    Plaintiff alleges that Defendant uses Defendant's Websites to divert customers from Plaintiff.

131.    Plaintiff alleges that Defendant uses an email address, bluewaterkey@gmail.com.

132.    Plaintiff alleges that Defendant's conduct is in bad faith.

133.   Plaintiff alleges that customers have confusingly and mistakenly reached Defendant's websites, www.bluewaterkeys.com, www.bluewaterkey.net, www.bluewaterkeys.net, and/or www.bluewaterkey.org  rather than reaching Plaintiff's website, www.bluewaterkey.com.

134.   Plaintiff alleges that customers have confusingly and mistakenly contacted Defendant rather than Plaintiff.

135.   Plaintiff alleges that customers have confusingly and mistakenly emailed Defendant rather than Plaintiff.

136.   Plaintiff alleges that Defendant's customers have confusingly and mistakenly complained to Plaintiff rather than Defendant.

137.   Plaintiff alleges that there have been actual incidences of confusion.

138.   Plaintiff alleges that an example of actual confusion (attached as **Exhibit 57**) occurred when a potential renter made a reservation with Plaintiff for the rental of a recreational vehicle lot and then mistakenly called Defendant to cancel the reservation of the recreational vehicle lot due to the illness of a family member.

139.   Plaintiff alleges that Defendant emailed the potential renter and indicated that Defendant hoped the family member would get better.

140.   Plaintiff alleges that Defendant was well aware that Defendant did not own or handle the recreational vehicle lot that the potential renter had sought to rent.

141.   Plaintiff alleges that Defendant made no effort to tell the potential renter that the potential renter contacted the wrong entity in Bluewater Key RV Park.

142.   Plaintiff alleges that confusion is inevitable where Defendant uses similar and/or identical marks in connection with identical, overlapping, and/or related services in the exact same recreational vehicle park.

143.   Plaintiff alleges that Plaintiff has incurred damages as a result of Defendant's use of Defendant's Marks.

144.   Plaintiff alleges that Defendant has gained profits as a result of Defendant's use of Defendant's Marks.

145.   Plaintiff alleges that Defendant has and continues to infringe Plaintiff's Federally Registered Trademark, Bluewater Key of U.S. Trademark Registration No. 4,680,453 for RV resort rental services, namely, recreational vehicle (RV) park services.

146.   Plaintiff alleges that Defendant's use of Defendant's Marks has caused confusion and/or is likely to cause confusion as to the source of Defendant's services.

147.   Plaintiff alleges that Defendant's use of Defendant's Marks has caused and/or is likely to cause consumers to erroneously believe that Defendant is the source of Plaintiff's services.

148.   Plaintiff alleges that Defendant's use of Defendant's Marks has caused and/or is likely to cause consumers to erroneously believe that Plaintiff is the source of Defendant's services.

149.   Plaintiff alleges that Defendant's conduct harms the goodwill and reputation that Plaintiff has built up in Plaintiff's Federally Registered Trademark, Bluewater Key of U.S. Trademark Registration No. 4,680,453.

**SECOND CAUSE OF ACTION**
**Trademark Infringement, False Designation of Origin, False Advertising, and Unfair**
**Competition under the Lanham Act**
**(15 U.S.C. § 1125(a)-(b))**

150.   Plaintiff repeats and re-alleges the statements and allegations set forth in paragraphs 1-80 and 82-149 and incorporate them herein.

151.   Plaintiff alleges that Defendant uses words, terms, names, symbols, or a combination thereof, and/or false designations of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion.

152.   Plaintiff alleges that Defendant's use of Defendant's Marks in interstate commerce with respect to identical and/or related services in overlapping trade channels, constitutes trademark infringement and/or unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

153.   Plaintiff alleges that Defendant uses the email address, www.bluewaterkey@gmail.com, which includes the mark, Bluewater Key.

154.   Plaintiff alleges that in Defendant's emails, Defendant provides the website, www.bluewaterkey.net, which includes the mark, Bluewater Key.

155.   Plaintiff alleges that Defendant uses "BLUEWATER RENTALS®" with "LUXURY RV LOTS & VACATION HOMES".

156.   Plaintiff alleges that Defendant uses Defendant's logo, Bluewater Rentals, featuring a palm tree forming the letter "l" in Bluewater Rentals, a sun, and water waves (attached as **Exhibit 59**) with respect to "LUXURY RV LOTS & VACATION HOMES".

157.   Plaintiff alleges that Plaintiff owns common law rights and federal registration rights in the word mark, Bluewater Key.

158.   Plaintiff alleges that Defendant's logo, Bluewater Rentals, featuring a palm tree forming the letter "l" in Bluewater Rentals, a sun, and water waves (attached as **Exhibit 59**) is similar to Plaintiff's logo, Bluewater Key A Luxury RV Resort, with a design featuring a bird, water waves, and a palm tree (shown in **Exhibits 22, 23, 26, 27, 30, 32**, and **59** as attached hereto).

159.    Plaintiff alleges that Defendant makes no effort to communicate to Plaintiff's customers that Plaintiff's customers have made reservations with Plaintiff instead of Defendant.

160.    Plaintiff alleges that Defendant uses words, terms, names, symbols, or a combination thereof, and/or false designations of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising and promotion, misrepresents the nature of Defendant's services.

161.    Plaintiff alleges that despite the fact that U.S. Trademark Registration No. 4,274,836 has been cancelled by the Commission of Trademarks, Defendant continues to use a federal trademark registration symbol "®" with the trademark, Bluewater Rentals.  A printout of Defendant's website, www.bluewaterkey.net, showing the continued use of the trademark registration symbol "®", is attached as **Exhibit 65**.

162.    Plaintiff alleges that Plaintiff sent a cease and desist letter of August 12, 2014 (attached as **Exhibit 67**) regarding trademark infringement and a cease and desist letter of February 12, 2015 (attached as **Exhibit 68**) to Defendant regarding the conduct of continuing to use the trademark registration symbol "®" after the trademark, Bluewater Rentals was cancelled.

163.    Plaintiff alleges that Defendant knows that the trademark, Bluewater Rentals has been cancelled since Defendant originally filed a voluntary surrender of the mark, Bluewater Rentals.

164.    Plaintiff alleges that Defendant's conduct of using the federal trademark registration symbol "®" in print, website, and/or electronic advertisements and promotional materials after the cancellation of U.S. Trademark Registration No. 4,274,836 constitutes false advertisement under the Lanham Act.

165.    Plaintiff alleges that Defendant's use of the federal trademark registration symbol "®" in Defendant's website advertisements falsely represents that Defendant has a valid trademark registration at this time.

166.    Plaintiff alleges that the website advertisements mislead potential customers into believing that Defendant currently has a registered trademark for Bluewater Rentals.

167.    Plaintiff seeks a permanent injunction regarding Defendant's use of the federal trademark registration symbol "®" with the trademark, Bluewater Rentals.

## THIRD CAUSE OF ACTION
### Trademark Infringement under Florida Common Law

168.    Plaintiff repeats and re-alleges the statements and allegations set forth in paragraphs 1-80, 82-149, and 151-167 and incorporate them herein.

169.    Plaintiff alleges that Plaintiff has priority of use over Defendant in the geographic market.

170.    Plaintiff alleges that Plaintiff is the senior user and Defendant is the junior user because Plaintiff made the first use of any mark, containing the term, "Bluewater Key" in the geographic market.

171.    Plaintiff alleges that Plaintiff used Plaintiff's Federally Registered Mark and/or Common Law Marks in commerce in Florida prior to Defendant's use of Defendant's Marks in Florida.

172.    Plaintiff alleges that Plaintiff used Plaintiff's Federally Registered Mark and/or Common Law Marks in commerce in Key West prior to Defendant's use of Defendant's Marks in Key West.

173.    Plaintiff alleges that Plaintiff used Plaintiff's Federally Registered Mark and/or Common Law Marks in commerce on Saddlebunch Key prior to Defendant's use of Defendant's Marks on Saddlebunch Key.

174.     Plaintiff alleges that Plaintiff has priority over Defendant in the market for rental of recreational vehicle lots.

175.     Plaintiff alleges that Plaintiff's developer entered in the market of selling recreational vehicle lots prior to Defendant's use of Defendant's Mark for rental of recreational vehicle lots.

176.     Plaintiff alleges that rental of recreational vehicle lots was in Plaintiff's natural zone of expansion and Plaintiff expanded into the market for rental of recreational vehicle lots prior to Defendant's entry into the market for rental of recreational vehicle lots, the market for arranging of leases and rental agreements for real estate, and the market for rental of vacation homes.

177.     Plaintiff alleges that Plaintiff was using the marks, Bluewater Key, Bluewater Key R.V. Resort, and/or Bluewater Key An RV Ownership Park logo in Florida before Defendant ever purchased a recreational vehicle lot in Bluewater Key RV Park.

178.     Plaintiff alleges that Plaintiff was using the marks, Bluewater Key, Bluewater Key R.V. Resort, and/or Bluewater Key An RV Ownership Park logo before Defendant ever began renting Defendant's recreational vehicle lots and/or renting other lot owner's recreational vehicle lots in Bluewater Key RV Park.

179.     Plaintiff alleges that at the time Defendant entered the market for rental of recreational vehicle lots, Plaintiff had already entered the market for rental of recreational vehicle lots.

180.     Plaintiff alleges that at the time Defendant entered the market for arranging of leases and rental agreements for real estate, Plaintiff had already entered the market for rental of recreational vehicle lots.

181.     Plaintiff alleges that Defendant's services of arranging of leases and rental agreements for real estate is identical or related to rental of recreational vehicle lots because Defendant is

actually renting recreational vehicle lots in the same physical recreational vehicle park as Plaintiff.

182.    Plaintiff alleges that upon information and belief, Defendant intends to advertise available recreational vehicle lots in Bluewater Key RV Park on Defendants' website, www.bluewaterkey.net with Defendant's Marks.   A printout of Defendant's website regarding "Lots for Sale" (attached as **Exhibit 66**) provides "Check with us later for more info on lots for sale."

183.    Plaintiff alleges that Defendant directly competes against Plaintiff in the same geographic market.

184.    Plaintiff alleges that Defendant continues to progressively encroach on Plaintiff's trademark rights and/or free-ride off of Plaintiff's goodwill in violation of Florida common law.

185.    Plaintiff alleges that Defendant infringes Plaintiff's Federally Registered Mark and/or Plaintiff's Common Law Marks in violation of Florida common law because Defendant uses Defendant's Marks on identical services.

186.    Plaintiff alleges that Defendant infringes Plaintiff's Federally Registered Mark and/or Plaintiff's Common Law Marks in violation of Florida common law because Defendant targets common classes of customers through identical and overlapping trade channels.

187.    Plaintiff alleges that Plaintiff has been damaged by Defendant's use of Defendant's Marks.

188.    Plaintiff seeks a permanent injunction against Defendant's use of Defendant's Mark in violation of Florida common law.

## FOURTH CAUSE OF ACTION
### Registration and Protection of Trademarks Act
### (F.S.A. § 495)

189.    Plaintiff repeats and re-alleges the statements and allegations set forth in paragraphs 1-80, 82-149, 151-167 and 169-188 and incorporate them herein.

190.    Plaintiff alleges that Defendant infringes Plaintiff's State Registered Mark, BLUEWATER KEY A LUXURY RV RESORT in violation of F.S.A. § 495.131.

191.    Plaintiff alleges that Defendant's Marks are similar to Plaintiff's State Registered Mark.

192.    Plaintiff alleges that Defendant offers services under Defendant's Marks that are identical and/or related to Plaintiff's RV park services, rental properties.

## FIFTH CAUSE OF ACTION
### Florida Deceptive and Unfair Trade Practices Act
### (F.S.A. § 501)

193.    Plaintiff repeats and re-alleges the statements and allegations set forth in paragraphs 1-80, 82-149, 151-167, 169-188, and 190-192 and incorporate them herein.

194.    Plaintiff alleges that the foregoing conduct of Defendant constitutes unfair competition, unfair practices, and deceptive acts in violation of F.S.A. § 501.204.

195.    Plaintiff alleges that Defendant's conduct is willful, intentional, and in bad faith.

196.    Plaintiff alleges that Defendant's conduct misleads and/or is likely to mislead the consuming public as to the source of Defendant's services.

197.    Plaintiff seeks a permanent injunction against Defendant for violation of F.S.A. § 501.204.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1.      For a judgment that Defendant infringes Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark and/or Plaintiff's Common Law Marks.

2.      For a permanent injunction pursuant to 15 U.S.C. § 1116(a) and/or Florida law, restraining and enjoining Defendant, and its agents, servants, employees, and all others in active concert or participation with Defendant from:

a.      Infringing Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark and/or Plaintiff's Common Law Marks.

b.      Using Defendant's Marks, including the word mark, Bluewater Rentals; the word mark, Bluewater Key; the word mark, Bluewater Key Rental, Inc.; the word mark, Bluewater Key-Clark's RV Lot Rentals B; the word mark, Bluewater Key--Clark's RV Lot Rentals by Owner; the word mark, Bluewater Key RV Lot Rentals; the word mark, Bluewater Key-Clark's RV Lot Rentals by Owners; the word mark, Bluewater Key-Rita's RV Lot Rentals; and the logo, Bluewater Rentals, featuring a palm tree forming the letter "l" in Bluewater Rentals, a sun, and water waves as business names, trade names, service marks, and/or trademarks in any print, website, and/or electronic advertisements and promotional materials.

c.      Using Plaintiff's Federally Registered Mark, Bluewater Key and/or the term, "Bluewater Key" in whole or in part as business names, trade names, service marks, and/or trademarks.

d.      Using the email address, www.bluewaterkey@gmail.com.

e.      Using the Defendant's Domain Names, bluewaterkeys.com, bluewaterkey.net, bluewaterkeys.net, and/or bluewaterkey.org.

26

f.      Engaging in false advertisement and unfair competition, including continuing to use the federal trademark registration symbol ® with the mark, Bluewater Rentals.

3.      For an award of Defendant's profits, derived from use of Plaintiff's Federally Registered Mark, Plaintiff's State Registered Mark and/or Plaintiff's Common Law Marks pursuant to 15 U.S.C. § 1117(a) and Florida law.

4.      For an award of Plaintiff's damages, incurred from Defendant's unlawful conduct pursuant to 15 U.S.C. § 1117(a) and/or Florida law.

5.      For an award of reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a), Fed. R. Civ. P. 54 and/or Florida law.

6.      For an award of augmented or treble damages for willful and intentional trademark infringement pursuant to 15 U.S.C. § 1117(a) and/or Florida law.

7.      For an award of damages, plus interest thereon.

8.      For any other relief that this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all issues properly tried to a jury.

DATED: 4/21, 2015

_[signature]_
Lee Robert Rohe, Esq. [Bar No. 271365]
LEE ROBERT ROHE, P.A.
25000 Overseas Highway, Suite 2
Summerland Key, Florida 33042
Telephone: (305) 745-2254
Facsimile: (305) 745-4075
lrrlaw@bellsouth.net
*Attorney for Plaintiff*