UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.: 15-cv-10060-JEM

BLUEWATER KEY RV OWNERSHIP PARK
PROPERTY OWNERS ASSOCIATION, INC.,
a Florida Corporation,

        Plaintiff,

v.

RITA CLARK, an individual, d/b/a
BLUEWATER RENTALS,

        Defendant.

_____/

## DEFENDANT CLARK'S REPLY TO PLAINTIFF ASSOCIATION'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant, RITA CLARK, ("CLARK") by and through her undersigned counsel, hereby files this Reply to the Response (DE #18) by Plaintiff BLUEWATER KEY RV OWNERSHIP PARK PROPERTY OWNERS ASSOCIATION, INC., ("ASSOCIATION") to Defendant's Motion to Dismiss Plaintiff's Complaint (DE #16) and in support thereof states the following:

**I.  INTRODUCTION**

Plaintiff ASSOCIATION's Response (DE #18) to Defendant's Motion to Dismiss (DE #16) fails to adequately address the many factual and legal defects contained in Plaintiff's sprawling shotgun Complaint (DE #6). To the contrary, the ASSOCIATION's Response (DE #18) echoes the confused and rambling nature of the Complaint (DE #6), and thereby punctuates

the necessity for dismissal. First, the ASSOCIATION provides no basis in law as to why the Complaint (DE #6) should not be dismissed as an impermissible shotgun pleading. Second, Plaintiff ASSOCIATION does not provide any legal basis to excuse its failure to allege standing to file this action by alleging the necessary approval by a ¾ vote of the ASSOCIATION's membership as required by Article IV, Section 7 of the ASSOCIATION's own Declaration. Further, the ASSOCIATION remains silent as to why the Complaint should not be dismissed despite the numerous material defects in the allegations of the Complaint (DE #6) including:

  a) the date Defendant CLARK began using the allegedly infringing mark *Bluewater Rentals;*

  b) the dates of first use for each of the 11 common law service marks in relation to its rental services at Bluewater Key;

  c) the dates that Defendant's alleged infringements of each of the ASSOCIATION's 13 marks began; and

  d) the complete lack of any allegations regarding when and how each of the individual 13 marks obtained secondary meaning.

The ASSOCIATION's Response also fails to present a legal justification as to why the mark *Bluewater Key,* which is a rental business named after and located on Bluewater Key RV Ownership Park and located adjacent to the preexisting street "Blue Water Drive" would not be considered geographically descriptive thereby requiring allegations of acquired secondary meaning. As such, each of the five counts in Plaintiff ASSOCIATION's Complaint (DE #6) should be dismissed.

II.  **ARGUMENT**

A.  **Plaintiff ASSOCIATION's Response only serves to augment the confusing and rambling nature of the Complaint, emphasizing the necessity for dismissal.**

Plaintiff ASSOCIATION's Response, like it's Complaint (DE #6), is both substantively and technically confusing making an organized reply particularly challenging. Specifically, the Plaintiff ASSOCIATION uses long strings of irrelevant citations throughout the Response, as such:

> Dkt. No. 6 ¶¶ 125-127, 136, 146-149. Plaintiff alleges damages from Defendant's trademark infringement, false advertisement, and unfair competition. Dkt. No. 6 ¶¶ 13, 14, 18, 54, 55, 63-70, 85, 97-115, 121-123, 125, 130, 131, 133-144, 146-149, 153, 154, 156, 158, 159, 183; Dkt. No. 1-55 at 2; Dkt. No. 1-59 at 2, 3; Dkt. No. 1-63 at 2-5; Dkt. No. 1-54 at 2; Dkt. No. 1-60 at 2; Dkt. No. 1-61 at 2, 3; Dkt. No. 1-62 at 2; Dkt. No. 1-25; Dkt. No. 1-26 at 2; Dkt. No. 58 at 2.

Plaintiff's Response, p. 2 (DE #18). As illustrated above, the Plaintiff ASSOCIATION broadly cites to a total of *57 paragraphs* in the Complaint (DE #6) for the proposition that Plaintiff alleges damages from Defendant's trademark infringement.

A review of Plaintiff's string citations reveal that they are usually irrelevant to the proposition they are cited to support. For example, in the first two citations above, paragraph 13 of the Complaint reads, "Plaintiff alleges that Bluewater Key RV Park is a luxury resort for recreational vehicles" while Paragraph 14 alleges "Bluewater Key RV Park has different types of recreational vehicle  (RV) park lots…." Neither citation supports Plaintiff's factual statement regarding the Complaint. These types of irrelevant string citations to the Complaint are repeated throughout the Response (DE #18).

Another typical example is on page 19 of the Response (DE #18) where Plaintiff cites another string, which includes paragraph 25 of the Complaint, for the conclusory declaration that

3

"Plaintiff alleges sufficient facts that Plaintiff began using Plaintiff's trademarks well before Defendant." However, paragraph 25 of the Complaint reads, "Plaintiff alleges that Plaintiff does not allow permanent residency in Bluewater Key RV Park," which is irrelevant. Plaintiff ASSOCIATION even repeats the same block of string citations illustrated above, this time however, for the conclusion that "Plaintiff has met the proximate-cause requirement." See Plaintiff's Response, p. 9. (DE #18). The Plaintiff ASSOCIATION's numerous string citations to the Complaint are unreliable for the propositions they are cited to support. Further, they appear to be an attempt to use quantity to cover up a lack of substance, both in the Response and the Complaint.

    Lastly, in addition to the string citations, the Plaintiff ASSOCIATION further obfuscates the issues by the simultaneous use of both "Dkt. No. 6" and "Dkt. No. 1" in the Response (DE #18).  In footnote 1 on page 1 of Defendant CLARK's Motion to Dismiss (DE #16), Defendant referenced the confusion of a Complaint, which was on the Docket as No. 1 and an Amended Complaint, which was on the Docket as No. 6. Defendant CLARK sought clarification of the two Complaints from Plaintiff ASSOCIATION prior to filing the Motion to Dismiss but did not receive a response. To Defendant's frustration, not only did the Plaintiff ASSOCIATION fail to clarify the issue of the two Complaints in its Response, Plaintiff ASSOCIATION makes continual reference to both docket entries. Strangely enough, it appears from context of the citations, that the Plaintiff ASSOCIATION is using portions of **both** the Amended Complaint (DE #6) **and** the Complaint (DE# 1). The Plaintiff ASSOCIATION is selectively stitching together the allegations and exhibits from each of the separate Complaints to support its flawed positions. Plaintiff's creation has resulted in the pleading equivalent of Frankenstein's monster, but with less cohesion.  The Plaintiff ASSOCIATION has provided neither a legal basis nor any

basic explanation as to why it should be allowed to proceed with two simultaneous Complaints. For this reason alone, the Plaintiff ASSOCIATION's Complaint(s) must be dismissed.

**B.     The ASSOCIATION fails to provide any supported legal justification as to why its Shotgun Complaint should not be dismissed.**

The Plaintiff ASSOCIATION argues on page 10 of its Response (DE #18) that the Complaint is not a shotgun pleading because all of the successive counts are relevant to the succeeding counts as they are analyzed under the same standard. Plaintiff's novel position is not supported by any substantive case law, and ignores the plain and simple fact that the Complaint here "is a perfect example of shotgun pleading. It incorporates every allegation by reference into each subsequent claim for relief." *Perret v. Wyndham Vacation Resorts, Inc.,* 846 F.Supp.2d 1327, 1334 (S.D. Fla. 2012); *accord Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir. 2002) (explaining that a shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts ... contain irrelevant factual allegations and legal conclusions"). Plaintiff fails to provide any justification grounded in law that its shotgun pleading should not be dismissed. As such, Plaintiff's Complaint must be dismissed as a shotgun pleading.

**C.     The ASSOCIATION has failed to provide legal or factual justification for its failure to plead Authorization by a ¾ Vote of the Membership.**

Article IV, Section 7 of the Declaration of Restrictions and Protective Covenants for Bluewater Key RV Ownership Park ("Declaration"), provides a strict limit on the authority of the ASSOCIATION by specifically requiring a ¾ vote of the membership prior to initiating any lawsuit:

> APPROVAL OF CORPORATION LAWSUITS BY OWNERS:
> Notwithstanding anything contained herein, in the Articles of

5

> Incorporation, or in the By-Laws of the Association to the Contrary, the Association shall be required to obtain the approval of three fourths (3/4) of all owners prior to the employment, payment of legal or other fees to persons or entities engaged by the Association for the purpose of suing, or making, preparing or investigating any lawsuit, or commencing any lawsuit, other than for the following purposes….

Complaint Ex. 3: Declaration, Art. IV, Sec.7 (DE #6). The ASSOCIATION's nine-page discussion involving constitutional standing requirements in its Response entirely misses the mark and was not the basis of Defendant's challenge. This restriction over the ASSOCIATION's authority is a factual threshold regarding authority that the Plaintiff must address in the Complaint to establish standing. It is a factual allegation that must be included. Despite this reality, there is not a single allegation, conclusory or otherwise, within the 207 paragraphs of the Complaint alleging that the ASSOCIATION has the authority to file this lawsuit against one of its members, Defendant CLARK. The Plaintiff ASSOCIATION finally addresses this restriction in the Declaration on page 9 of its Response:

> contemplate a trademark. Dkt. No. 1-6. Alternatively, Article III, Sec. (7) (d) of the Declaration allows suit without a ¾ vote in a situation where there is substantial risk of irreparable injury. Dkt. No. 1-6 at 12, 25. Article VII, Sect. (2)(J) of the By-Laws indicates that the Board has a

Plaintiff's Response, p. 9. (DE #18). Plaintiff ASSOCIATION appears to be attempting to cite to one of the four exceptions to the ¾ vote listed in Article IV, Sec. 7 (d) of the Declaration. However, the ASSOCIATION's representation that the required ¾ vote is not applicable where there is substantial risk of irreparable injury is an incorrect representation. Article IV Sec. 7 (d) in fact provides that a ¾ vote of the membership of the ASSOCIATION to file a lawsuit is not necessary where:

> (d) an *emergency* where waiting to obtain the approval of the owners would create a substantial risk of irreparable injury *to the common area or any portion* thereof.

6

Complaint Ex. 3: Declaration, Art. IV, Sec.7 (d) (*emphasis added*) (DE #6). The Plaintiff ASSOCIATION's representation to the Court as to the exact nature of this exception to the required ¾ vote of the membership omitted material facts. This exception applies in an emergency and is applicable to an injury to the common areas. Neither is implicated in the allegations of the Complaint (DE #6). To the contrary, this lawsuit brought by the ASSOCIATION without the ¾ vote of the membership is hardly an emergency. The ASSOCIATION's Complaint provides that Defendant has used her mark to provide rental services at Bluewater Key since at least 13 years ago in January 2002. Complaint, Ex. 63 (DE #6). At a minimum, the ASSOCIATION alleges an incident of actual confusion between the ASSOCIATION and Defendant from six years ago on March 10, 2009. Complaint, Ex. 57 (DE #6). These facts hardly constitute an emergency justifying the exception under Article IV Sec. 7 (d).

As the ASSOCIATION, through Exhibit 3, has pled that a ¾ vote of the membership is required for standing to initiate this lawsuit, it is incumbent upon the ASSOCIATION to now plead such authorization by the membership. The ASSOCIATION's failure to plead its standing through authorization by a ¾ vote mandates that the Complaint be dismissed. See *Rogers v. United States*, 109 Fed. Cl. 280, 288 (2013) (Motion to Dismiss claims of Florida Homeowners Association where covenants required a vote of three-fourths of Association's members before Association could initiate an action and Association did not indicate if such a vote was obtained).

**D.** **Blue Water Drive as a geographic description predates the creation of Bluewater Key RV Ownership Park and Bluewater Key and as such, renders the Plaintiff's marks geographically descriptive requiring allegations of secondary meaning.**

Geographically descriptive marks, "can indicate any geographic location on earth, such as continents, nations, regions, states, cities, *streets* and addresses, areas of cities, rivers, and any

other location referred to by a recognized name," and are treated like other descriptive marks. *See Great S. Bank v. First S. Bank,* 625 So.2d 463, 468 (Fla. 1993) (quoting 1 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition §§14. 01, 14. 02, 14.02[1], 14.03 (3d. ed.1992) (***emphasis added***)). Thus a street name clearly falls within the provenance of a geographically descriptive mark.

Bluewater Key RV Ownership Park is located adjacent to the street called "Blue Water Drive." Exhibit 10, as attached to the Complaint contains a map of the RV Park and it references Blue Water Drive. The Bluewater Key RV Ownership Park cannot be accessed without traveling through Blue Water Drive. Bluewater Key RV Ownership Park is both descriptive of what it is and where it is. It does not require a leap of logic to infer the obvious geographic relationship between the names Bluewater Key RV Ownership Park, Bluewater Key and the adjacent street Blue Water Drive. See *Sand Hill Advisors, LLC v. Sand Hill Advisors, LLC*, 680 F. Supp. 2d 1107, 1115 (N.D. Ca. 2010) ("Here, there is no dispute that Sand Hill can be construed to mean that Plaintiff is an advisory firm based in the Sand Hill area—and indeed, that name was selected by Plaintiff because they, in fact, were then located on Sand Hill Road. Thus, the Court concludes that "Sand Hill Advisors" is primarily geographically descriptive.") On the contrary, it requires a larger leap of logic to follow the Plaintiff ASSOCIATION's position that Bluewater Key RV Ownership Park and Bluewater Key makes no reference or has no relationship to the adjacent Blue Water Drive.

The Plaintiff ASSOCIATION's reliance on *Horseshoe Bay Resorts Sales, Co., v. Lake Lyndon B. Johnson Improvement Corp.*, 53 S.W. 3d 799 (Tx. Ct. App. 2001) and *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996) *aff'd as modified*, 155 F.Supp. 526 (5th Cir. 1998) to support its position that Bluewater Key is not geographically descriptive is

8

misplaced as Blue Water Drive, which falls into the category of being geographically descriptive as a street, existed at the time the Bluewater Key RV Ownership Park was created. Blue Water Drive is related in both time and location to Bluewater Key. To the contrary, the cases that the Plaintiff ASSOCIATION relies upon involve developments where the developer arbitrarily coined the term for the developments without any reference or relationship to any geographically descriptive terms. See *Horseshoe Bay,* 53 S.W.3d at 808 ("mark was arbitrary and not geographically descriptive *when coined* by the plaintiffs") (emphasis in original). "Where a developer chooses an arbitrary mark to designate a development, the mark is protected despite the geographic aspects of the development." *Pebble Beach,* 942 F.Supp. at 1538 (citing *Prestwick, Inc. v. Don Kelly Bldg. Co.,* 302 F.Supp. 1121, 1124 (D.Md.1969) (mark "Tantallon" when used for planned community was not geographically descriptive because it had "no generally known geographic significance" and no general geographic name before area was developed)). See also, *Bishops Bay Founders Group, Inc., v. Bishops Bay*, 301 F. Supp. 2d 901 (W.D. Wis. 2003) (Developers coined name for Bishops Bay was geographically descriptive requiring secondary meaning where term was found on map predating development).

The ASSOCIATION's Complaint pleads nothing but conclusory and often confusing allegations regarding acquired secondary meaning for its two registered marks and 11 common law marks, and as such, has failed to state a claim. *Tropic Ocean Airways, Inc.*, 598 Fed. Appx. at 611 (Motion to Dismiss granted where "virtually all the allegations in the amended complaint that relate to secondary meaning are conclusory."). As such, Counts I through V should be dismissed.

### III. CONCLUSION

The entire Complaint should be dismissed as it constitutes an impermissible shotgun pleading and the ASSOCIATION has failed to plead the necessary authorization by a ¾ Vote of its Membership required to bring this action. Further, counts I, II, III, IV and V are interwoven with the ASSOCIATION's 13 marks containing the geographically descriptive term Bluewater, thereby requiring substantive allegations of secondary meaning. The ASSOCIATION has failed to plead anything beyond conclusory allegations of acquired secondary meaning and as such, Counts I, II, III, IV and V must be dismissed.

Respectfully submitted,
By: /s/Steven Robert Kozlowski, Esq.
**STEVEN ROBERT KOZLOWSKI, ESQ.**
Fla. Bar No. 0087890
Email: Steven@KLFPA.com

**Kozlowski Law Firm, P.A.**
777 Brickell Ave., Ste. 800
Miami, Florida 33131
Tele: (305) 673-8988 Fax: (305) 673-8668
*Attorneys for Defendant Rita Clark*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF on June 25, 2015, and that the foregoing Reply to Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Complaint is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF to: Lee Robert Rohe, Esq., at Lee Robert Rohe, P.A. 25000 Overseas Hwy, Suite 2, Summerland Key, FL 33042; Arlen L. Olsen, Esq., and Autondria S. Minor, Esq., at Schmeiser, Olsen & Watts, LLP, 22 Century Hill Drive, Suite 302, Latham, NY 12110.

By: /s/Steven Robert Kozlowski, Esq.
**STEVEN ROBERT KOZLOWSKI, ESQ.**
Fla. Bar No. 0087890