**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**KEY WEST DIVISION**

**CASE NO.: 15-cv-10060-JEM**

BLUEWATER KEY RV OWNERSHIP PARK
PROPERTY OWNERS ASSOCIATION, INC.,
a Florida Corporation,

        Plaintiff,

v.

RITA CLARK, an individual, d/b/a
BLUEWATER RENTALS,

        Defendant.

_____/

### DEFENDANT CLARK'S MOTION TO STRIKE PLAINTIFF ASSOCIATION'S CORRESPONDENCE FILED IN VIOLATION OF LOCAL RULES 7.7 & 7.1(C)

Defendant, RITA CLARK, ("CLARK") by and through her undersigned counsel, hereby files this Motion to Strike the Correspondence to the Court (DE #20) filed by Plaintiff BLUEWATER KEY RV OWNERSHIP PARK PROPERTY OWNERS ASSOCIATION, INC., ("ASSOCIATION") in violation of Local Rules 7.7 and 7.1(c):

**I.**    **INTRODUCTION**

Plaintiff ASSOCIATION has filed a "Letter of Explanation" with the Court (DE #20) in response to an issue first raised in footnote 1 of Defendant CLARK's Motion to Dismiss (DE #16). The Plaintiff ASSOCIATION failed to address the issue in its Response (DE #18) and Defendant CLARK again raised it in her Reply (DE#19). Rather than follow the specific instructions of the Clerk of Courts in the CM/ECF Administrative Procedures for docketing

errors, the Plaintiff ASSOCIATION has attempted to slip in its response by unilaterally filing a correspondence to the Court in direct violation of Local Rule 7.7. Plaintiff ASSOCIATION has in effect filed a sur-reply without first seeking leave of Court as required by Local Rule 7.1(c). As such, Plaintiff's improperly filed correspondence (DE#20) should be stricken.

II.     <u>MEMORANDUM OF LAW</u>

A.     <u>**Plaintiff ASSOCIATION's filed correspondence (DE #20) should be stricken as it violates Local Rules 7.7 and 7.1(c), as well as CM/ECF Administrative Procedures.**</u>

Rule 7.7 of the Local Rules of Civil Procedure for the Southern District of Florida provides that:

> **RULE 7.7 CORRESPONDENCE TO THE COURT**
>
> Unless invited or directed by the presiding Judge, attorneys and any party represented by an attorney shall not:  (a) address or present to the Court in the form of a letter or the like any application requesting relief in any form, citing authorities, or presenting arguments;  or (b) furnish the Court with copies of correspondence between or among counsel, or any party represented by an attorney, except when necessary as an exhibit when seeking relief from the Court.  Local Rule 5.1(c) above governs the provision of "courtesy copies" to a Judge.
>
> Effective December 1, 1994.  Amended effective April 15, 2003;  April 15, 2007.

The Plaintiff ASSOCIATION's "Letter of Explanation" (DE #20) filed with the court in response to Defendant CLARK's Reply (DE #19) is an unsolicited letter to the Court, which presents both an argument and request for relief. Plaintiff's Letter (DE #20) substantively responds to arguments raised in Defendant's Motion to Dismiss (DE #16) and Reply (DE #19).[1] Plaintiff's responsive arguments, presented in the form of an explanation, effectively make Plaintiff's Letter (DE #20) a sur-reply, which was filed without leave of Court. Local Rule 7.1(c) provides that after a reply is filed "[n]o further or additional memoranda of law shall be filed without prior leave of Court."   Plaintiff's Letter (DE #20) is an attempt to supplement its previously filed Response (DE #18) and should be stricken. See *Miranda v. NCL (Bahamas) Ltd.*,

---

[1] Defendant is careful not to address the substantive argument raised by Plaintiff, as this Motion is limited to the procedural issues implicated by Plaintiff's Letter (DE #20).

2013 WL 504103, at *3 (S.D. Fla. 2013), *appeal dismissed* (Sept. 20, 2013) (Supplement filed by Plaintiff without leave of court amounts to a sur-reply, which is not permitted under the Local Rules, and is stricken.)

Plaintiff's Letter (DE #20) also fits the definition of improperly filed correspondence, as defined in Local Rule 7.7, in that it actively requests relief from the Court. Plaintiff's Letter (DE #20) seeks relief from the Court to correct its CM/ECF docket filing errors and combine docket entries. Putting aside any consideration of the merits of such a request, an unsolicited letter to the Court, filed in violation of Local Rule 7.7, is not the correct procedure. The CM/ECF Administrative Procedures for the Court provide specific guidelines for docketing errors. Section 3L (3) of the CM/ECF Administrative Procedures provides:

**(3)   Correcting a Docket Entry**

CM/ECF will not permit the filing party to make changes to a document or docket entry once the transaction has been accepted. A document filed incorrectly may be the result of posting the wrong PDF file to a docket entry, selecting the wrong document type from the menu, or entering the wrong case number and not catching the error before the transaction is completed. If a User makes an error during the filing process, the User should contact the CM/ECF Help Desk, 1-888-318-2260, as soon as possible with the case number and document number for which the correction is being requested. If appropriate, the Clerk's Office will make an entry indicating the document was filed in error. The filing party will be advised if the document needs to be re-filed.

Plaintiff ASSOCIATION's appropriate avenue for relief would have been through the CM/ECF's administrative help desk back in ***April 2015*** when the (DE #1) and (DE #6) docket entries were initially made, rather than the instant unsolicited Letter (DE #20) in violation of Local Rule 7.7.

**III.   CONCLUSION**

Plaintiff ASSOCIATION's Letter to the Court (DE #20) presents argument directly in response to Defendants Motion to Dismiss (DE #16) and Reply (DE #19) and seeks relief from the Court contrary to CM/ECF Procedures. Plaintiff ASSOCIATION's Letter (DE #20) is in

direct violation of Local Rule 7.7 and is a back door attempt to provide a sur-reply to Defendant's Reply (DE #19) without leave of Court as required by Local Rule 7.1 (c).  As such, Plaintiff Association's Letter (DE #20) should be stricken.

                 Respectfully submitted,

                 By:    _/s/Steven Robert Kozlowski, Esq.__
                      **STEVEN ROBERT KOZLOWSKI, ESQ.**
                      Fla. Bar No. 0087890
                      Email: Steven@KLFPA.com

                      **Kozlowski Law Firm, P.A.**
                      777 Brickell Ave., Ste. 800
                      Miami, Florida 33131
                      Tele: (305) 673-8988 Fax: (305) 673-8668
                      *Attorneys for Defendant Rita Clark*

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF on June 26, 2015, and that the foregoing Motion to Strike Plaintiff Association's Correspondence (DE #20) is being served this day via transmission of Notices of Electronic Filing generated by CM/ECF to: Lee Robert Rohe, Esq., at Lee Robert Rohe, P.A. 25000 Overseas Hwy, Suite 2, Summerland Key, FL 33042; Arlen L. Olsen, Esq., and Autondria S. Minor, Esq., at Schmeiser, Olsen & Watts, LLP, 22 Century Hill Drive, Suite 302, Latham, NY 12110.

                 By:    _/s/Steven Robert Kozlowski, Esq.__
                      **STEVEN ROBERT KOZLOWSKI, ESQ.**
                      Fla. Bar No. 0087890