UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO.: 15-cv-10060-JEM

BLUEWATER KEY RV OWNERSHIP PARK )
PROPERTY OWNERS ASSOCIATION, INC., )
A Florida Corporation, )
)
)
                             Plaintiff, )
)
v. )
)
RITA CLARK, an individual, d/b/a )
BLUEWATER RENTALS )
)
                             Defendant. )
)

### RESPONSE TO DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S CORRESPONDENCE FILED WITH THE COURT JUNE 26, 2015 INTRODUCTION

Plaintiff, Bluewater Key RV Ownership Park Property Owners Association, Inc. ("Plaintiff") files this Response to the Motion to Strike by Defendant Rita Clark d/b/a Bluewater Rentals ("Defendant") as follows:

I.    ARGUMENT

    A. **Defendant's Motion to Strike Misapplies Local Rules 7.1 and 7.1(c)**

Defendant contends that Plaintiff's correspondence of June 26 to the Clerk of the Court (with copy to the Court) is a violation of the Local Rules and should be stricken.

Defendant's argument with reference to the quotation of Local Rule 7.7 overlooks the opening clause of the Rule's first sentence: "Unless invited or directed by the presiding Judge . . . ."

1

Due to the fact that Exhibits 15 and 16 were missing from the original filing of the Complaint, it was necessary to file Exhibits 15 and 16 as a separate filing because CM/ECF's logic would not allow the Exhibits to be included as part of one original transaction. Upon filing exhibits 15 and 16, the system's logic treated the additional filing as the <u>amending</u> of the Complaint when there was no amendment being made. To avoid any further confusion as to why the system captioned the Complaint as "amended," Ms. Rohe sought to find a solution that did not risk compounding the misleading caption of the Complaint any further. The solution was to recognize the "amended" Complaint as including the Exhibits filed with the original Complaint. Together with the later filing of Exhibits 15 and 16, the so-called "amended" Complaint would then also include all of the other Exhibits from the first filing and be complete. The undersigned's letter that is the subject of Defendant's Motion to Strike was prompted by Ms. Rohe's discussion with one of the clerks in the Clerk's Office and with Diane, Judicial Assistant, in Judge Martinez's Chambers. Judge Martinez's JA approved of using the letter as a solution. Such an approval would constitute an "invitation" or "direction" from Judge Martinez as per the Rule.

### B. Defendant Incorrectly and Unfairly Impugns the Motives of Plaintiff's Counsel

Plaintiff mischaracterizes the letter as "unsolicited." The undersigned would never send an unsolicited letter to the Court. There is no "argument" contained within the letter; only an explanation as to why there is an "amended complaint" appearing on the docket. To characterize the letter as a "sur-reply" to Defendant's reply is irrational. The letter does not address any points in the reply.

The undersigned does not understand why Defendant's counsel disagrees with the letter. Would it not be better for <u>both</u> parties and the Court to have the confusion of "two Complaints" dispelled? Surely the Defendant's counsel does not believe that moving to strike a letter of explanation will carry the day for him regarding his Motion to Dismiss? Seizing upon a clerical error as a means of bolstering a motion to dismiss is far-fetched. The clerical omission and later filing of Exhibits 15 and 16 does not prejudice Defendant. Nor does it substantively contribute to Plaintiff's legal arguments in the Response to the Motion to Dismiss.[1]

### C. The Case Cited by Defendant in the Motion to Strike is not applicable

In the case of <u>Miranda v. NCL (Bahamas) Ltd.</u>, 2013 WL 504103 (S.D. Fla. 2013), cited in Defendant Clark's Motion, a motion to strike supplemental authority as an improper sur-reply was granted. However, the undersigned's letter to the Clerk, copy to the Court, was designed to remedy the confusion of a docket problem. The letter does not contain any citation of authority or argument in response to Clark's Motion to Dismiss or to Clark's Reply. The letter does not present counter arguments regarding the sufficiency of the Complaint as attacked by Defendant.

---

[1] Also, Courts discourage the unnecessary filing of duplicates. Filing all of the 68 Exhibits a second time would serve only to add another 2 and a half inches of thickness to the Court's file.

3

                                                                             Respectfully submitted,

                                                                             /s/ Lee Robert Rohe, Esquire  
                                                                             Co-Counsel for Plaintiff  
                                                                             Post Office Box 420259  
                                                                              Summerland Key, Fl 33042  
                                                                             (305) 745-2254/745-4075  
                                                                             Florida Bar No: 271365  
                                                                             Email: lrrlaw@bellsouth.net

And                                               /s/ Autondria S. Minor, Esquire  
                                                                             [NY Bar No. 4323081]  
                                                                             Schmeiser Olsen & Watts, LLP  
                                                                             22 Century Hill Drive, Suite 302  
                                                                             Latham, New York 12110  
                                                                             (518) 220-1850 Fax (518) 220-1857  
                                                                             Email: aminor@iplawusa.com

                                                              /s/ Arlen L. Olsen, Esquire  
                                                                             [NY Bar No. 2636132]  
                                                                             Schmeiser Olsen & Watts, LLP  
                                                                             22 Century Hill Drive, Suite 302  
                                                                             Latham, New York 12110  
                                                                             (518) 220-1850 Fax (518) 220-1857  
                                                                             Email: aolsen@iplawusa.com

## CERTIFICATE OF SERVICE

     In accordance with Local Rules, I, Lee Robert Rohe, Esq., hereby certify that this document was submitted to the Court through the CM/ECF system on July 6, 2015 and is being served electronically this day to: Steven Robert Kozlowski, Esquire, Attorney for Defendant, Kozlowski Law Firm, P.A, 777 Brickell Avenue, Suite 800, Miami, Florida 33131 at Steven@KLFPA.com.

                                                                             /s/ Lee Robert Rohe, Esquire  
                                                                             **LEE ROBERT ROHE, ESQ., P.A.**